*216 Cupp, J.,
concurring in judgment only.
{¶ 42} I concur in the judgment; however, my reading of the statute at issue yields a different meaning from that of the majority.
{¶ 43} In my view, the phrase “position of trust” for purposes of R.C. 2929.13(B)(1)(d) is limited to public officials, public servants, and those holding public “positions of trust.” The statute, R.C. 2929.13(B)(1)(d), provides:
{¶ 44} “(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
{¶ 45} “* * *
{¶ 46} “(d) The offender held a public office or position of trust and the offense related to that office or position; the offender’s position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender’s professional reputation or position facilitated the offense or was likely to influence the future conduct of others.” (Emphasis added.)
{¶ 47} R.C. 2929.13(B)(1)(d) addresses three situations. It is the first category that is at issue in this case:[5] offenders who “held a public office or position of trust and the offense related to that office or position.” The statute uses the phrase “a public office or position of trust,” indicating that the “office” and the “position of trust” are both of a public nature. In this regard, the article “a” operates as a grammatical signal that both “office” and “position of trust” are parallel terms modified by “public.” If “position of trust” had not been intended by the legislative drafters to be modified by “public,” the article “a” would have appeared not only before “public” but also before “position of trust.” The construction of the statute makes sense because a public position of trust does not have to be an office to fall within the statute’s ambit. Consequently, I do not believe that positions of trust held by private individuals that are not positions in the nature of a public trust are included within the first category listed in R.C. 2929.13(B)(1)(d). Instead, situations involving a private position of trust, like the one in the present case, could well fall within the third category included in the statutory list, that “the offender’s professional reputation or position facilitated the offense.”
{¶ 48} I do not share the majority’s view that reference to offenders who “held a public office or position of trust in the community ” in R.C. 2929.12(B)(3), a *217 different statutory section, shows that the lack of the phrase “in the community” in R.C. 2929.13(B)(1)(d) implies a broader meaning of “position of trust” in the latter statute. The phrase “position of trust” appears in two separate statutory sections (R.C. 2929.12 and 2929.13). The wording of the two statutes, while similar, does not establish that R.C. 2929.13(B)(1)(d) also applies to private fiduciary relationships as well as public positions of trust. To so hold is to afford R.C. 2929.13(B)(1)(d) a much broader scope than R.C. 2929.12(B)(3).
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.
Brouse Law Office and Karen H. Brouse, for appellee.
{¶ 49} The majority acknowledges that R.C. 2929.13(B)(1)(d) does not evince an intention by the General Assembly to sweep all positions of trust held by private individuals into the “position of trust” category in R.C. 2929.13(B)(1)(d). However, the majority then puts its own limitation on the category of “positions of trust” held by private individuals. The majority holds that only those who hold a position akin to a fiduciary relationship are within the “position of trust” category. But the majority’s limitation is not expressed in the language of the statute and thus takes an unwarranted creative pen to the actual words used by the legislature. The more natural reading of the language of R.C. 2929.13(B)(1)(d) is one, in my view, in which both “office” and “position of trust” are limited by the word “public.”
{¶ 50} When R.C. 2929.13(B)(1)(d) is construed to apply only to public offices and public positions of trust, it is unnecessary to consider, as the majority does, whether a private individual holds a “special relationship of trust and confidence equivalent to a fiduciary relationship.” Whether or not Massien held a fiduciary relationship to her employer, the hospital, is not determinative of the question whether R.C. 2929.13(B)(1)(d) covers Massien’s situation.
{¶ 51} Because Massien did not hold a public office or position of trust, she is not within the first category of R.C. 2929.13(B)(1)(d) and thus was not statutorily ineligible for intervention in lieu of conviction on that basis. For this reason, I concur in the judgment affirming the decision of the court of appeals.

. The third category in R.C. 2929.13(B)(1)(d), that “the offender’s professional reputation or position facilitated the offense or was likely to influence the future conduct of others,” would appear to be implicated by Massien’s situation, but this is not the category of the statute upon which the state relies.